FILED
9/22/2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED
SEP 16 2011
9-16-11
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN ERWIN, | ) No. |
| | ) |
| | ) **COMPLAINT FOR** |
| Plaintiff, | ) **DECLARATORY AND** |
| | ) **INJUNCTIVE RELIEF FOR** |
| v. | ) **VIOLATION OF THE FREEDOM** |
| | ) **OF INFORMATION ACT,** |
| U.S. DEPARTMENT OF STATE, | ) **5 U.S.C. § 552 et seq.** |
| | ) |
| | ) |
| Defendant. | ) 11CV6513 |
| | ) JUDGE FEINERMAN |
| | ) MAG. JUDGE COX |

## INTRODUCTION

1. Plaintiff, Mr. John Erwin ("Erwin" or "Plaintiff") brings this action *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., as amended, to enjoin the U.S. Department of State ("DOS") from continuing to improperly withhold from Plaintiff and public the source of an allegation of sexual assault used against him in the summer of 2002 while he was a commissioned Foreign Service Officer ("FSO") at the DOS. Plaintiff is informed and believes that the allegation of sexual assault used to derail his career at the DOS was fabricated and that since the summer of 2002 to the present, despite various efforts discussed below by the Plaintiff to reveal this allegation as a fabrication, the DOS continues to suppress this fact in order to protect itself from criminal prosecution. At the current time Plaintiff proceeds *pro se* and respectfully asks the Court to construe the pleadings liberally and hold them to a

less stringent standard than formal pleadings drafted by lawyers, please see *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

2. Plaintiff has brought this matter, sequentially, (a) before the Foreign Service Grievance Board ("FSGB"), (b) *pro se* as two discrete though later consolidated cases in the United States District Court for the Northern District of Illinois — though never as a FOIA action (please see below), (c) to the attention of U.S. Senators Durbin (IL), Cardin (MD), and Mikulski (MD), (d) to the attention of the Texas Medical Board for investigation, and (e) concurrently as multiple FOIA requests.

3. Due to the lengthy history of this issue, and for the sake of clarity due to his current *pro se* status, Plaintiff has elected to explicate the background of this instant case before the Court by utilizing a full array of key documents as exhibits enumerated in the "facts" section of this complaint directly below. In other words, in lieu of a monologue by the Plaintiff attempting to summarize literally thousands of pages of documents accrued over the past decade, Plaintiff is confident the Court will arrive at a better appreciation of the background of this complaint by allowing the exhibits themselves to relate the facts.

4. The Plaintiff respectfully requests the Court to, under LR5.7.*Filing Cases Under Seal*, seal the accompanying exhibits of this complaint due to the sensitive nature of the information contained therein. Plaintiff also respectfully requests the Court to, under Fed. R. Civ. P. 5.2(a)(1)(2), 5.2(d), 5.2(e)(1)(2) and 5.2(f), provide Plaintiff an opportunity at a later date to redact the exhibits if indeed the Court decides to unseal them for the public record. The Seventh Circuit does permit certain, limited categories of information to be kept from

2

public view, such as "trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence," *Baxter Intern., Inc. v. Abbott Laboratories*, 297F.3d 544, 546-547 (7th Cir. 2002). Although the public at large pays for the courts and therefore has an interest in what transpires at all stages of a judicial proceeding, "That interest does not always trump the property and privacy interests of the litigants, but it can be overridden only if the latter interests predominate in that particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Additionally, the Federal Rules were amended, effective December 2007, to deal generally with redaction issues and remote public access to court records with the addition of Fed. R. Civ. P. 5.2. The rules restrict remote access to certain types of cases, and emphasize that "personal data identifiers" should not be included in the public file, Fed. R. Civ. P. 5.2(e)(2). The exhibits contain, in this instant case before the Court: social security numbers, diplomatic and tourist passport numbers, official DOS security background investigations, credit information, *inter alias*. Following LR5.7, a separate written request has accompanied this complaint, attached to a sealed envelope of the exhibits as directed by the local rule, further detailing the reasons to respectfully request the Court to allow Plaintiff to file under seal. Although on the surface this may appear to contradict Plaintiff's statement above, namely, that the DOS continues to "improperly withhold from Plaintiff *and public* the source of an allegation of sexual assault," (emphasis added) Plaintiff will argue below why it is indeed in the public interest for the outcome of this case to be public,

but not the exhibitory materials contained herein. Plaintiff has attempted to limit the number of exhibits under seal here by referring to exhibits in consolidated Cases No. 06 C 5695 and No. 06 C 5868 in the United States District Court for the Northern District of Illinois before the Honorable Judge Matthew F. Kennelly.

4b. The Plaintiff also respectfully requests the Honorable Judge, to whom this case will be randomly assigned by the Clerk, to consider a transfer or re-assignment to Judge Matthew F. Kennelly. Consolidated Cases No. 06 C 5695 and No. 06 C 5868 before Judge Kennelly are background cases and Plaintiff would like to respectfully suggest to the Court that Judge Kennelly, with his understanding of the background history to the fundamental issue in this instant case before the Court, would best be able to preside over it. Please see Exhibit A below.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701-706, and 28 U.S.C. § 1331.

## VENUE

6. Venue in the Northern District of Illinois is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391. Plaintiff is currently a Chicago resident; however, as will be apparent in the earlier cases cited above before Judge Kennelly, Plaintiff and Plaintiff's family have experienced harassment by the DOS in the past (e.g., former Chief of the Department of State's Protective Intelligence Investigations Division, Charles H. Hunter, harassed Plaintiff's mother on the campus of Georgetown University after Mr. Hunter, apparently accidentally, sent

Plaintiff an email stating he could find no allegation of sexual assault in DOS files: please see Case No. 06 C 5695, Document #1 (Complaint), Paragraph #5 and Exhibit B, before Judge Kennelly). Plaintiff has thus provided the Court a permanent address in MD, through which all correspondence now passes between Plaintiff and, for instance, the U.S. Senators enumerated above, in addition to the Texas Medical Board, and now, respectfully submitted, this Court.

## PARTIES

7. Plaintiff John Erwin is a former AmeriCorps Volunteer, U.S. Peace Corps Volunteer, and Foreign Service Officer with the U.S. Department of State. Plaintiff Erwin is also a graduate of the University of Illinois, Urbana-Champaign, and the University of Chicago. Mr. Erwin – as the enclosed Diplomatic Security background check will reveal (please see Exhibit F enclosed) – had an exemplary personal, professional and financial background before summer 2002, when Plaintiff was maliciously defamed by scurrilous hearsay fabricated by his ex-fiancée and fellow DOS colleague, Erin Anna Nickerson (formerly, Erin Patricia Anna), who apparently fabricated said hearsay to escape punishment for breaking the direct orders of her superiors at the Department of State and attending a social event at Mr. Erwin's residence after the dissolution of their relationship. Ms. Nickerson has been unjustly enriched since the summer of 2002 by continuing her career at the DOS and never taking responsibility for her unprofessional and illegal behavior in fabricating a false allegation of sexual assault against Mr. Erwin.

8. Defendant DOS is a federal agency within the meaning of 5 U.S.C. § 552(f). It has possession of and control over the records sought by Plaintiff Erwin.

**FACTS**

9. Attached as Exhibit A is the summary of consolidated Cases No. 06 C 5695 and No. 06 C 5868 before the Honorable Judge Kennelly, as they appear on public Internet search results. Plaintiff specifically provides the Court this summary from the internet to not only give a brief and succinct background of the cases, but also to emphasize the public nature and thus violation of Plaintiff's privacy which has resulted from this issue. In short, Plaintiff has been publicly branded a rapist, has lost three employment positions due to the public accessibility of these cases, and is unable to absolutely prove his innocence – and conversely the criminal act of the Department of Diplomatic Security, DOS, of falsely accusing Plaintiff of sexual assault – without a response to his FOIA requests. The summary of consolidated Cases No. 06 C 5695 and No. 06 C 5868, attached as Exhibit A, is a true and correct copy of what is available through public internet search results. Also attached with Exhibit A in email form is an example of Plaintiff's loss of one of the three employment positions discussed above while teaching abroad. The ambassador contacted at the time regarding the loss of employment (and the concomitant public humiliation) did nothing for Plaintiff.

10. The Plaintiff respectfully refers the Court to the docket of Case No. 06 C 5695, Document #40 ("Of More Definite Facts Statement") before Judge Kennelly.

11. One of the March 2009 FOIA requests. Attached as Exhibit B is a true and correct copy of the FOIA request.

12. August 2011 request to the DOS FOIA office requesting an update. This Exhibit contains a complete list of FOIAs submitted to the DOS regarding the false allegation of sexual assault. Attached as Exhibit C is a true and correct copy of the request for an update.

13. Response from U.S. Senator Mikulski to Plaintiff's August 2011 letter to her office seeking help in compelling a response to March 2009 FOIA requests. Earlier attempts by U.S. Senators Durbin and Cardin produced nothing. U.S. Senator Mikulski is a more powerful Senator on the Senate Appropriations Committee, though Plaintiff is confident nothing fruitful (since there is no real power to truly compel and Senator Mikulski has already attempted once before) will come of Senator Mikulski's sincere efforts to compel the DOS to obey U.S. law and respond to the submitted FOIAs. Attached as Exhibit D is a true and correct copy of the response from Senator Mikulski.

14. Letter from the Department of Justice's Federal Bureau of Investigation ("DOJ/FBI") stating no allegation of sexual assault exists in their files. Unlike the DOS, the DOJ has already completed a complete search of its files, a further search upon appeal, and, as the letter states, advises Plaintiff that this FOIA request to the DOJ may now, if Plaintiff so elects, be submitted for judicial review. This is the normal course for FOIAs: that is to say, in this instance, within the DOJ bureaucracy, the Plaintiff has exhausted his administrative remedies under FOIA and may now proceed to judicial review if he so elects. The DOJ was able to complete the FOIA in less that 10 months,

7

*whereas the DOS*, although accusing Plaintiff of sexual assault and derailing his career in a mere two weeks in the summer of 2002, has taken more than two years to "search" for relevant documents pertaining to the allegation of sexual assault, and has produced nothing. In other words, Plaintiff has not even reached the level of administrative appeal yet with the DOS FOIAs and, it is Plaintiff's contention, he never will. The DOS has suppressed the fact that it has fabricated a false allegation of sexual assault for over a decade now and has no incentive to disabuse either the Plaintiff or the public of that fact. The DOS will continue to bury these FOIAs and never respond to them, and, for this reason, Plaintiff has brought this action before the Court for injunctive relief under FOIA statutes to compel a response. Plaintiff has a fundamental right to know if such an allegation exists, and, if so, who is making that allegation. It has been Plaintiff's contention for over a decade now – and all evidence wrangled tirelessly and under great financial and psychological strain out of the United States Government points to this fact – that no allegation exists: it was a complete fabrication that instantly destroyed Plaintiff's career at the DOS and continues to plague Plaintiff's personal, professional and financial life. If such an allegation indeed does not exist, then (1) the regulatory requirements for reconsideration before the Foreign Service Grievance Board ("FSGB") as set forth in 22 CFR 910.1 may be met: Plaintiff may then submit a Reconsideration Motion before the FSGB presenting new or previously unavailable information and/or material relevant to the sole remaining issue in the original appeal that Plaintiff made in 2003, namely, an allegation that the Bureau of Diplomatic Security (DS) investigation was faulty and prejudicial, violating 12 FAM 220, and the

Department's internal regulations on investigations by falsely accusing Plaintiff of sexual assault. In addition, (2) Plaintiff will be able to add this information to the current investigation of Dr. Kenneth Borut Dekleva before the Texas Medical Board, thus preventing – *in the public interest* – this physician from ever again basing his diagnoses on scurrilous and malicious hearsay. Moreover, any allegations made by Dr. Kenneth Borut Dekleva in his medical report on Plaintiff (e.g., "subject did not disclose previous visit with a psychotherapist") are entirely refuted by review of the full diplomatic security background check (please Exhibit F enclosed). Finally, (3) Plaintiff will have a document allowing him to publicly refute the allegation of sexual assault now accessible on the internet, thus reclaiming his public dignity. In other words, an American citizen has a fundamental right to know who is accusing him of rape; and to know conclusively whether or not such an allegation is a fabrication. All behavior by the Department of State since the summer of 2002 in suppressing the truth of this matter has flown against the underlying principles of democratic government and, in particular, (1) *The Open Government Directive* and the *Progress Report to the American People* laid out by the Obama Administration; (2) the *Memorandum on Transparency and Open Government* also laid out by the Obama administration; and finally (3) the *Notification and Federal Employee Anti-Discrimination and Retaliation (No FEAR) Act* laid out by the former Bush administration – all meant to increase government transparency and accountability. Attached as Exhibit E is a true and correct copy of the letter from the DOJ.

15. Excerpts from Plaintiff's background diplomatic security check completed by Diplomatic Security, DOS, before Plaintiff's entry into the U.S. Foreign Service. This file was obtained after 2006 and thus post-dates the cases brought before Judge Kennelly. The background security check is exemplary – not a single piece of negative information is uncovered regarding the Plaintiff. Plaintiff will submit the entire background investigation for the Court's consideration so long as he may first confirm the Court will seal the case file. Otherwise, the DOJ will potentially twist information originating from the Central Intelligence Agency ("CIA") in this exhibit into some histrionic "release of classified information" and attempt to cover up the central issue here of a false allegation of sexual assault. This Exhibit also proves, despite the fact that Plaintiff is confident the DOS will attempt to make a counter-argument asking for "more time" to "search," that there is no allegation of sexual assault in the offices of the U.S. Peace Corps, likewise with FBI/DOJ, or, as Plaintiff may prove with the submission of his entire background diplomatic security check, the CIA. Defendant DOS will likely make the same long tired assertions that it needs "more time" to "search" the records of other government agencies or its own agency. This is a malicious attempt to cover up the truth, as the attached exhibit proves. There was no allegation of sexual assault before summer 2002, and the attached excerpts from Plaintiff's diplomatic security background check conclusively proves this fact. Defendant DOS does not need more time to search the records of the U.S. Peace Corps or any other government agency, including its own files. The submission of Plaintiff's entire background diplomatic security check will also reveal how Plaintiff, prior to the summer of 2002, had no negative

10

credit or financial issues in his background, whereas, since the summer of 2002, Plaintiff has had to endure a humiliating bankruptcy in October 2005 due to legal costs associated with the false allegation of sexual assault — from which his credit rating still suffers – in addition to financial and psychological stress losing employment positions due to the public accessibility of this allegation of sexual assault, especially with no access to conclusive information to refute the allegation. Attached as Exhibit F is a true and correct copy of the excerpts from Plaintiff's diplomatic security background check.

16. Plaintiff has thus exhausted his administrative remedies under FOIA.

17. Plaintiff has a legal right under FOIA to obtain the specific agency records that he requested in March 2009 and there exists no legal basis for Defendant DOS' failure to make available to Plaintiff Erwin the requested information.

18. Defendant DOS' failure to make promptly available the records sought by Plaintiff's request violates FOIA, 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A)(ii), and applicable regulations promulgated thereunder.

19. Defendant DOS currently has possession, custody or control of the requested records.

20. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19 above, inclusive.

**WHEREFORE**, Plaintiff requests that the Court award him the following relief:

1. Declare that Defendant DOS violated FOIA by failing to disclose the requested information and by reliance on a policy or practice of non-disclosure with respect to the allegation of sexual assault that violates FOIA;

2. An injunction preventing Defendant DOS from relying on its policy or practice of withholding information that potentially embarrasses it in its future processing of FOIA requests;

3. Order Defendant DOS to immediately disclose the requested records to Plaintiff;

4. Provide for expedited proceedings to adjudicate Plaintiff's rights under FOIA;

5. Award Plaintiff his reasonable costs and fees;

6. Grant such other relief as the Court may deem just and proper, including ordering or requesting that the DOJ's or DOS' Offices of Inspector General investigate the matter internally.

DATED this __16__ day of September, 2011.

Respectfully submitted,

John Erwin, *pro se*

By: _____
John Erwin

John Erwin
13 Annapolis St.
Apt. B
Annapolis, MD 21401
Ph: 312.373.0637