UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN ERWIN, | ) |
| | ) |
| Plaintiff, | ) 11 C 6513 |
| | ) |
| vs. | ) Judge Feinerman |
| | ) |
| UNITED STATES DEPARTMENT OF STATE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

John Erwin brought this suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the United States Department of State to turn over documents in response to his FOIA request. The court denied the Department's initial summary judgment motion. 2013 WL 842601 (N.D. Ill. Mar. 6, 2013). After an additional round of briefing, the court granted the Department's renewed summary judgment motion and denied Erwin's cross-motion for summary judgment. 2013 WL 6452758 (N.D. Ill. Dec. 9, 2013). The court entered judgment for the Department and against Erwin on December 9, 2013. Doc. 99.

Thirty-two days later, on January 10, 2014, Erwin filed a motion for reconsideration. Doc. 100. The motion argues that the court made two errors, the first being the denial of Erwin's motion for the assignment of counsel, and second being the court's (supposed) finding in its recent summary judgment opinion that Erwin did not provide an "index" for the exhibits submitted with his summary judgment papers. *Id.* at 2-3.

If Erwin wished for his reconsideration motion to be considered under the standards applicable under Federal Rule of Civil Procedure 59(e), he had to file the motion within twenty-eight days of the entry of judgment. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a

1

judgment must be filed no later than 28 days after the entry of judgment."). Because Erwin did not file his motion within that time frame, the motion is deemed to have been filed under Federal Rule of Civil Procedure 60(b). *See Williams v. Illinois*, 737 F.3d 473, 475 (7th Cir. 2013) ("we have established a bright-line rule that any motion for reconsideration filed after the deadline [for seeking reconsideration under Rule 59(e)] must be construed as a motion to vacate [under Rule 60(b)]"); *Justice v. Town of Cicero*, 682 F.3d 662, 663-65 (7th Cir. 2012) (same); *Kiswani v. Phoenix Sec. Agency*, 584 F.3d 741, 742-43 (7th Cir. 2009) (same). Because the judgment was served electronically or by mail, Erwin might have thought himself entitled to the three extra days permitted by Rule 6(d). *See* Fed. R. Civ. P. 6(d) ("[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), … [or] (E)," which allow for service by mailing and by electronic means, respectively, "3 days are added after the period would otherwise expire under Rule 6(a)"). Any such thought would have been incorrect; as the Seventh Circuit recently held, "Rule 6(d)—formerly Rule 6(e)—does not extend the deadline for Rule 59(e) motions." *Williams*, 737 F.3d at 475 (citing cases). Even had Erwin been entitled to an extra three days, giving him thirty-one days, his motion was filed on the thirty-second day after judgment was entered, and thus still would have been too late to be considered under Rule 59(e).

So Rule 60(b) applies, and the trouble with Erwin's reconsideration motion is that it proceeds as if it had been filed under Rule 59(e). The motion argues that the court "made an 'error of apprehension'" in denying his request for counsel and in granting summary judgment to the Department. Doc. 100 at 2. A court's having made an error of "apprehension" is grounds for reconsideration under Rule 59(e). *See Bank of Waunakee v Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). It is not a ground for seeking relief under Rule 60(b). As the

Seventh Circuit has explained: "A litigant may not use Rule 60(b) to challenge errors that could have been brought in an appeal from the underlying judgment. [The plaintiff] challenged only the district court's reasoning in the underlying judgment, errors that could have been raised in a timely appeal, and therefore the court properly denied the motion." *Trepanier v. City of Blue Island*, 364 F. App'x 260, 263 (7th Cir. 2010) (citations omitted); *see also Kiswani*, 584 F.3d at 743 ("A motion under Rule 60(b) is a collateral attack on the judgment and the grounds for setting aside a judgment under this rule must be something that could not have been used to obtain a reversal by means of a direct appeal."). Because Erwin can press on appeal his challenges to the court's denial of his motion for the assignment of counsel and its grant of summary judgment against him, those challenges are not grist for a Rule 60(b) motion.

Even if the court were to put aside these obstacles to Erwin's motion, his challenges to the court's rulings, while sincerely stated and strongly held, are without merit. Erwin's challenge to the summary judgment ruling rests on the premise that the court granted summary judgment against Erwin—and, in particular, found that Erwin had failed to show that the Department acted in "bad faith" as that term is understood in FOIA litigation—because he did not provide the court with an "index" to his exhibits. Doc. 100 at 10-11. That premise is incorrect. The court in fact held that Erwin's Local Rule 56.1(b)(3)(B) response to the Department's Local Rule 56.1(a)(3) statement, as well as his Local Rule 56.1(b)(3)(C) statement of additional facts, were improper because they "fail[ed] to cite specific record material" to support, respectively, his denials of the Department's factual assertions and his own factual assertions. 2013 WL 6452758, at *1. Rather than cite specific record material, certain parts of Erwin's Local Rule 56.1(b)(3)(B) response and Local Rule 56.1(b)(3)(C) statement cited entire documents without indicating where in those documents the relevant material appeared. *E.g.*,

Doc. 83 at pp. 7-8, ¶ 2 ("One of Plaintiff's goals in this instant pleading before the Court is to reveal both agency bad faith and overriding public interest. That is a very high bar. The evidence discussed below and the exhibits attached, however, speak for themselves.").

The court correctly held that this violated Local Rule 56.1. As the Seventh Circuit has ruled:

> [W]here a non-moving party denies a factual allegation by the party moving for summary judgment, that denial must include a specific reference to the affidavit or other part of the record that supports such a denial. *Citations to an entire transcript of a deposition or to a lengthy exhibit are not specific and are, accordingly, inappropriate.* A court should not be expected to review a lengthy record for facts that a party could have easily identified with greater particularity.

*Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004) (emphasis added); *see also Brasic v. Heinemann's, Inc.*, 121 F.3d 281, 285 (7th Cir. 1997). And as a judge sitting in this District has explained:

> "[S]pecific reference" [in Local Rule 56.1(b)(3)(B)] means including proper … citations to exact pieces of the record that support the factual contention contained in the paragraph. *In other words, citations must include page (or paragraph) numbers, as opposed to simply citing an entire deposition, affidavit, or other exhibit document*: District courts are not obliged in our adversary system to scour the record looking for factual disputes. Factual allegations not properly supported by citation to the record are nullities.

*Malec v. Sanford,* 191 F.R.D. 581, 583 (N.D. Ill. 2000) (emphasis added) (internal quotation marks and citation omitted); *see also Corley v. Rosewood Care Ctr., Inc. of Peoria,* 388 F.3d 990, 1001 (7th Cir. 2004); *Diadenko v. Folino,* 890 F. Supp. 2d 975, 982 n.4 (N.D. Ill. 2012).

All that said, even if the court had erred in finding fault with Erwin's Local Rule 56.1 materials, the error would have been harmless. The court's summary judgment opinion explained that "even taking into account the factual assertions in [Erwin's] Local Rule 56.1 submissions regarding the Department's bad faith," Erwin still failed to establish that the Department acted in bad faith within the meaning of FOIA. 2013 WL 6452758, at *2.

4

Accordingly, the court's conclusion that Erwin did not properly cite record materials in his Local Rule 56.1 submissions did not make a difference in the court's ultimate resolution of this case.

Erwin's challenge to the court's denial of his motion for attorney assistance fares no better. In denying Erwin's motion, the court reasoned as follows: "Because Plaintiff has a post-graduate education and exhibited facility in the complaint with the relevant law and facts, and because the relevant law is not complex, Plaintiff is capable of handling this litigation *pro se*." Doc. 7. That ruling was correct.

The governing standard provides: "If a plaintiff makes a reasonable attempt to secure counsel, the court must examine 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.' This inquiry does not focus solely on the plaintiff's ability to *try* his case—it also includes other 'tasks that normally attend litigation' such as 'evidence gathering' and 'preparing and responding to motions.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). In applying this standard, "the judge will normally take into consideration the plaintiff's literacy, communication skills, educational level, and litigation experience," and "[t]o inform the decision, the judge should review … the pleadings, communications from, and any contact with the plaintiff." *Pruitt*, 503 F.3d at 655.

Erwin's motion for attorney assistance states that he has a post-graduate education. Doc. 5 at 2. The complaint that he drafted alleges that he "is a former AmeriCorps Volunteer, U.S. Peace Corps Volunteer, and Foreign Service Officer with the U.S. Department of State" and that he "is also a graduate of the University of Illinois, Urbana-Champaign, and the University of Chicago." Doc. 1 at ¶ 7. The motion and complaint alone showed that Erwin was highly intelligent—he graduated from top-notch schools, and it is very difficult to pass the exams

necessary to obtain a position as a Foreign Service Officer. The complaint itself, as one would expect from somebody with Erwin's formidable educational and professional background, was highly articulate and well-organized, marshaling the relevant facts and law as well as many lawyers could have done. Given that FOIA cases generally are decided on the papers, the court was justified in concluding that Erwin, in light of his education, intelligence, and ability to convey factual and legal matters in writing, was more than capable of handling the case on his own. *See Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997) (affirming the district court's refusal to assign counsel where the litigant was "exceptionally able" and "[t]he documents she submitted to the district court are comprehensible and literate"); *Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 333 (5th Cir. 2013) (same result where the plaintiff was "highly educated" and "was pursuing a straightforward case"); *Gorrell v. Comm'r of Soc. Sec.*, 449 F. App'x 176, 179-80 (3d Cir. 2011) (same result where the plaintiff had "admit[ted] that he is literate and educated" and "the issues in this action are not overly complex"); *Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001) (same result where "the [district] court found that [the plaintiff] had demonstrated his ability to investigate and present the case" and "also found [the plaintiff] to be well-educated and articulate"); *Riley v. Kolitwenzew*, 2013 WL 4780020, at *2 (C.D. Ill. Sept. 6, 2013) (denying the appointment of counsel where the plaintiff "very clearly laid out the factual allegations of his claim and the relief he was requesting," "has shown that he understands how the case is proceeding," and submitted motions that "have been well written and demonstrated a clear understanding of the issues involved").

Erwin's reconsideration motion suggests that his inability to litigate the case himself, and his need for attorney assistance, was demonstrated by the fact that his summary judgment papers failed to comply with Local Rule 56.1. That argument fails to persuade. Like all *pro se* litigants

faced with responding to a summary judgment motion, Erwin was provided with a Local Rule 56.2 notice, which explains the requirements of Local Rule 56.1. Docs. 36, 76. In the court's experience, *pro se* litigants, even incarcerated plaintiffs with no college education, are able to comply with Local Rule 56.1. At the time the court ruled on Erwin's motion for attorney assistance, there was no basis to believe that he was incapable of complying with Local Rule 56.1. And even though Erwin's summary judgment papers did violate the Local Rule, the briefs and motions he filed throughout this case were well-researched and coherently written, demonstrating that he actually was *capable* of complying with the Local Rule. The fact that he fumbled his Local Rule 56.1 materials—as many lawyers do, *see*, *e.g.*, *Ammons*, 368 F.3d at 817-18; *Brasic*, 121 F.3d at 285—does not mean that he was *unable* to comply with the Local Rule or to coherently present his case. In any event, as noted above, Erwin's Local Rule 56.1 troubles had no impact on the ultimate outcome of this case.

January 22, 2014

United States District Judge